The plaintiffs claim to be entitled to the lumber in controversy, under a mortgage given to their testator. The defendant alleges the mortgage to be fraudulent as to creditors, and says the title is in him by virtue of a purchase under a judgment and execution against the mortgagor. In such a controversy, it is obvious that the judgment, execution and sale under which the defendant claims are facts directly involved and which must be established before the question of fraud can be examined. The mortgage was valid between the parties thereto, and before the defendant can assail it as in fraud of creditors he must show himself to be clothed with a creditor's rights.
In the former suit, brought by the defendant against Ronk, the servant of the testator, the questions were precisely the same. Ronk had taken away one load of the lumber in question, and for that the defendant sued him, alleging, as he now does, fraud in the mortgage, and relying upon the same title in himself which he now sets up. The judgment, therefore, in that suit necessarily determined either that there was no fraud in the mortgage, or that the present defendant had no such title as he now claims enabling him to raise the question. He proved, by parol, that he failed on the ground last mentioned, but that does not impair the effect of the judgment. It is immaterial upon which ground the suit was decided against him; either proposition, being established, is fatal to him. The *Page 335 
judgment, with the parol proof showing on what ground it was rendered, not only determined that suit against the defendant, but it also established the collateral fact that he had no title under judgment and execution against the mortgagor. The present suit cannot be defended without permitting that fact to be tried again and found the other way. It is said that the defendant omitted to prove the judgment against the mortgagor, under which he purchased the lumber, and that he has now supplied that proof. This is true; but the same argument would open every judgment to reëxamination. The well settled rule on this subject is, that the judgment of a court of competent jurisdiction, upon a question directly involved in the suit, is conclusive in a second suit, between the same parties, depending on the same question, although the subject matter of the second action is different. (Doty v. Brown, 4 Comst., 71, and cases cited.)
It only remains to inquire whether the parties to the two suits are the same, or in such privity as to require the application of the principles which have been stated. In the first suit the defendant was Ronk, who acted as the servant of Castle, the plaintiffs' testator, in taking the lumber, and by his direction. The action was in fact defended by Castle, who set up in the answer and proved on the trial the same mortgage on which his executors now rely. The taking by Ronk of the load of lumber then in question was shown to have been under that mortgage. Upon these facts the parties are to be regarded as the same. It is by no means true that, in order to constitute an estoppel by judgment, the parties on the record must be the same. The term has a broader meaning. It includes the real and substantial parties who, although not upon the record, had a right to control the proceedings and appeal from the judgment. In this sense, the plaintiffs' testator was clearly a party to the former suit, and as he would be bound by the result, so he or his representatives may insist that the determination is *Page 336 
conclusive upon his adversary. (1 Greenl. Ev., § 523; 1 Phil.Ev., 324; Cow. Hill's Notes, 812; 2 Doug., 517; Duchessof Kingston's case, 29 Howell's State Trials, 538; 1 Duer,
87; 5 Denio, 299.)
The judgment must be reversed and a new trial granted.
Judgment accordingly